**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3575-17T3

JENNIFER WOO-PADVA,
on behalf of herself and those
similarly situated,

     Plaintiff-Appellant,

v.

MIDLAND FUNDING, LLC,

     Defendant-Respondent.

_____

Argued March 5, 2019 – Decided August 5, 2019

Before Judges Yannotti, Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3625-17.

Scott C. Borison (Legg Law Firm, LLP) of the Maryland bar, admitted pro hac vice, argued the cause for appellant (Kim Law Firm, LLC and Scott C. Borison, attorneys; Yongmoon Kim and Scott C. Borison, of counsel and on the briefs).

David M. Schultz (Hinshaw & Culbertson, LLP) of the New York bar, admitted pro hac vice, argued the cause for respondent (Hinshaw & Culbertson, LLP, and

David M. Schultz, attorneys; Han Sheng Beh, on the brief).

PER CURIAM

Plaintiff Jennifer Woo-Padva appeals from the Law Division's March 2, 2018 order granting defendant Midland Funding, LLC's (Midland) Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff's class action complaint sought the vacating of judgments filed against her and other class members and the return of monies paid toward satisfying debts acquired by Midland from credit card companies based upon Midland not having the license required by the New Jersey Consumer Finance Licensing Act (NJCFLA), N.J.S.A. 17:11C-1 to -50. She also sought relief under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210, and under the doctrine of unjust enrichment, basing those claims also upon Midland not being licensed under the NJCFLA.

The motion judge granted Midland's application after he found that a prior action between the same parties that resulted in a consent judgment against plaintiff barred plaintiff's claims here under the doctrine of res judicata and the Entire Controversy Doctrine. We affirm in part and vacate and remand in part because we conclude that while the judge correctly determined that plaintiff's claim relating to the debt that was the subject of the earlier action was barred,

2

we reach a different conclusion as to plaintiff's claims as they pertain to the other unrelated debt.

The facts derived from the motion record are generally undisputed and summarized as follows. Plaintiff had a Chase credit card account used for personal, family, and household purchases, on which she defaulted. The Chase account was purchased by Midland as part of a "pool of defaulted consumer accounts." After purchasing the Chase debt, on March 29, 2011, Midland filed a collection action against plaintiff in the Law Division's Special Civil Part in an attempt to collect only the Chase debt. See Midland Funding, LLC v. Jennifer Woo, No. BER-DC-010797-11. In that action, the court entered a consent judgment against plaintiff in the sum of $2,925.62 on June 3, 2011. The judgment outlined a repayment plan, and plaintiff ultimately paid in full.

Plaintiff also had an HSBC account that was in default, which Midland also obtained. Plaintiff alleged that Midland, "through its agents," attempted to enforce the HSBC account through dunning letters and that plaintiff subsequently made payments to Midland in satisfaction of the HSBC debt. Plaintiff alleged that Midland did not file a lawsuit related to the HSBC account and neither Midland's complaint nor the consent judgment in the Chase debt action mentioned the HSBC account.

On May 24, 2017, plaintiff filed a three-count class action complaint against defendants. Plaintiff defined the putative class as "[a]ll New Jersey resident consumers against whom [d]efendants filed a civil collection complaint at a time when the [d]efendants [were] not properly licensed to do so under the [NJCFLA]." Plaintiff later filed an amended complaint, broadening the class to those "with addresses in the State of New Jersey" at the time Midland acquired their account, and adding a subclass consisting of "[a]ll members of the [c]lass who paid any money or from whom Midland . . . collected any money on the assigned account."

In her complaint, plaintiff sought a declaratory judgment and injunctive relief, requesting that the judgment against her and the class members be declared void on the grounds that Midland "lacked the legal right to file collection lawsuits when it did not hold a license required" under the NJCFLA. Plaintiff also alleged violation of the CFA on the grounds that defendants engaged in unconscionable commercial and business practices by filing collection complaints against the class members while not properly licensed. Finally, plaintiff contended that Midland would be unjustly enriched if permitted to retain the funds that they had collected from plaintiff and class members.

Midland initially responded by filing a Rule 4:6-2 motion in lieu of an answer. After the motion judge denied the application because discovery had not been completed, on October 9, 2017, Midland filed an answer, denying plaintiff's allegations and asserting affirmative defenses, including the Entire Controversy Doctrine and res judicata.

Midland filed another motion to dismiss on January 25, 2018. Among the arguments Midland advanced in support of its motion was its assertion that plaintiff's claims were barred by res judicata and the Entire Controversy Doctrine. Midland argued that plaintiff had already settled the earlier Chase debt action through a consent judgment and was barred from pursuing her claims in this action. It also contended that the NJCFLA did not apply to its business because Midland was neither a consumer lender nor a sales finance company as defined by the Act.

Plaintiff filed opposition contending that any person purchasing consumer debts in New Jersey must be licensed under the NJCFLA, and that Midland was not. Plaintiff also argued, in relevant part, that her claim was ripe under the CFA because she suffered an ascertainable loss, she properly stated a claim for unjust enrichment, and Midland was not licensed to purchase accounts or collect on a debt from plaintiff, making the debt's underlying transaction "void as a

matter of law." Moreover, according to plaintiff, the Entire Controversy Doctrine did not bar her claim because "the state court collection action and this action [are] distinct." The fact that a judgment had already been entered was "irrelevant to defendant's conduct in obtaining and collecting on a debt" and "the underlying transactions that [led] to the debt with the original creditor, Chase, or HSBC, [were] sufficiently different than Midland's unlawful purchase and unlawful attempt to collect that debt." Plaintiff's position was that Midland's "unconscionable conduct while attempting to collect on the debt is distinct and a separate series of events from the debt itself[.]"

After considering the parties' oral arguments, the motion judge issued an order granting Midland's motion, explaining his reasons in an accompanying written decision. In his factual findings, the judge stated that plaintiff paid both the Chase and HSBC debts "pursuant to th[e] consent judgment." The judge then considered first whether res judicata applied. Quoting from the Supreme Court's opinion in Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991), he identified "[t]he basic elements of the doctrine." Applying those elements, he found that the prior consent judgment in the Chase debt collection action was "valid, final, and on the merits," and at the time of that litigation, there was no contention that the judgment was invalid. The judge noted that res

judicata applies "not only to matters litigated, but also to matters which could have been brought but were not." Second, the parties in the instant case were identical to those in the previous matter. Finally, the claim in the instant case grew out of the same transaction or occurrence as the claim in the earlier litigation.

The judge found that there was a "high degree of similarity between" the two cases because the underlying factual circumstances were the same, both cases arose from the debt plaintiff owed to Midland, the relief sought and material facts were the same, and the instant case "would necessarily reflect this [c]ourt having to make a determination on the identical question to that in the earlier, settled Bergen County litigation." The judge stated that plaintiff could have raised the issue of licensing as a defense in her earlier case. Thus, res judicata barred plaintiff's claims. In reaching his decision, the judge rejected plaintiff's attempt to distinguish the two cases, and further rejected plaintiff's reliance on Jackson v. Midland Funding Ltd. Liab. Co., 468 F. App'x 123, 126 (3d Cir. 2012) (holding creditor liable under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p, for filing suit after expiration of the applicable state's statute of limitations in a successive lawsuit because the prior action between the parties was voluntarily dismissed without an opportunity to

assert all claims), finding that the case was "opposite" due to the nature of its procedural history.

Next, the judge addressed the Entire Controversy Doctrine. Quoting from the Court's opinion in Culver v. Ins. Co. of N. Am., 115 N.J. 451, 463 (1989), the judge stated the "doctrine 'requires that all issues of a single dispute between the parties must be completely determined in one action.'" He found that plaintiff's claim "f[ell] squarely into" it because her theory of relief would have constituted a defense in the earlier litigation, which was evidenced by her assertion that her damages in the instant case should include a refund of the money she paid as a result of the consent judgment. Because the judge concluded plaintiff should have asserted her NJCFLA defense in the Chase debt action, he did not determine if Midland was subject to its provisions. This appeal followed.

On appeal, plaintiff argues that the motion judge should not have dismissed her complaint because she alleged a viable claim based upon Midland not being licensed under NJCFLA. She also argues the motion judge erred by applying the doctrine of res judicata because "acts declared void by the Legislature should not be protected by the application" of the doctrine. Similarly, she contends that the judge's application of the Entire Controversy

Doctrine to bar her claim was improper because it was "subject to court policies and legislation" that barred its application. Finally, plaintiff argues that the judge erred by "dismissing [her] complaint when . . . plaintiff's claims based on [Midland's] wrongful collection efforts were not covered by the prior litigation."

We "review[] de novo the trial court's determination of the motion to dismiss under Rule 4:6-2(e). [We] owe[] no deference to the trial court's legal conclusions." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019) (citation omitted). Like the trial court, we "examine[] 'the legal sufficiency of the facts alleged on the face of the complaint.'" Id. at 107 (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Although we limit our review to "the pleadings themselves," and examine "the legal sufficiency of the facts alleged on the face of the complaint, . . . if the complaint states no claim that supports relief, . . . the action should be dismissed." Ibid.

We conclude from our de novo review that the motion judge correctly determined that both res judicata and the Entire Controversy Doctrine applied to plaintiff's claim to the extent it related to the Chase debt because that matter resulted in a final judgment. We reach a different conclusion as to the HSBC

debt because that debt was not the subject of any action and involved a totally different claim.

Under the Entire Controversy Doctrine, plaintiff was required to assert all claims relating to the Chase debt in the prior action between her and Midland. The doctrine requires that all claims arising from the same transactional facts be raised in a single lawsuit, including defenses, counterclaims, and cross-claims, or the plaintiff will be barred from later asserting them in a successive action. See Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322-23 (1995); see also R. 4:30A; Dimitrakopoulos, 237 N.J. at 98, 108; J-M Mfg. Co., v. Phillips & Cohen, LLP, 443 N.J. Super. 447, 454 (App. Div. 2015) (explaining the doctrine requires a party to "litigate all aspects of a controversy in a single legal proceeding"). A litigant's failure to comply with Entire Controversy Doctrine by asserting a known defense in an action that results in a judgment will bar the litigant from asserting the same claim or defense in a later action. Mystic Isle, 142 N.J. at 322-23.

Moreover, once the matter goes to judgment, under the doctrine of res judicata, a party cannot assert an issue "that could have been presented" but was not raised in an earlier action between the same parties involving the same transaction. Bondi v. Citigroup, Inc., 423 N.J. Super. 377, 428 (App. Div. 2011).

See also Rippon v. Smigel, 449 N.J. Super. 344, 367 (App. Div. 2017) (stating the elements needed to support a finding of res judicata); Culver, 115 N.J. at 461-62 (stating the factors to consider in determining whether a successive action is sufficiently related to the prior action). "If, under various theories, a litigant seeks to remedy a single wrong, then that litigant should present all theories in the first action. Otherwise, theories not raised will be precluded in a later action." McNeil v. Legislative Apportionment Comm'n, 177 N.J. 364, 395 (2003) (citing Watkins, 124 N.J. at 413). The doctrine applies equally to judgments after a trial as to those entered by consent. See Joseph L. Muscarelle, Inc. v. State, by Trans. Dep't, 175 N.J. Super. 384, 395 (App. Div. 1980) ("a consent judgment has the same res judicata effect as any other judgment").

Although we conclude the motion judge correctly determined plaintiff should have asserted her NJCFLA claims in response to the Chase debt action, we find no basis for relying upon either the Entire Controversy Doctrine or res judicata to bar her claim as it relates to the HSBC account. First, we discern no support in the record for the motion judge's finding that the Chase debt action's consent judgment included the satisfaction of the HSBC credit card debt. Importantly, the assumed relationship of the HSBC debt in the Chase judgment is contrary to the allegations in the complaint.

Second, the underlying transaction involving the HSBC account was totally unrelated to the Chase debt that was assigned to Midland and did not arise from the same transaction. The fact that Midland acquired both debts did not merge the two. Although Midland apparently had already acquired the HSBC debt when it filed suit to collect the Chase debt, it never asserted a claim in that action, or any other action, to collect the HSBC debt. If one had been filed, it would not involve the same proofs as the Chase debt action. Moreover, if plaintiff raised a defense of issue preclusion, Midland would without doubt assert that its HSBC action was not barred by any preclusive effect of the Chase debt action. The Chase debt judgment therefore had nothing to do with the merits of the HSBC debt nor did it "grow out of the same transaction." Rippon, 449 N.J. Super. at 367.

Because we conclude the motion judge erred by dismissing plaintiff's complaint as it related to the HSBC credit card debt based only upon the Entire Controversy Doctrine and res judicata, we are constrained to remand this matter to the motion judge to address the remaining issues raised by Midland's motion and the pleadings about Midland being required to comply with the NJCFLA and its efforts to collect the HSBC account balance from plaintiff.

Affirmed in part; vacated and remanded in part for further proceedings consistent with our opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION